**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**ELVIS CHE ANYE** **PETITIONER**

**V.** **CIVIL ACTION No. 5:26-CV-72-DCB-BWR**

**WARDEN OF ADAMS COUNTY CORRECTION CENTER and ICE FIELD OFFICE DIRECTOR** **RESPONDENTS**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation ("Report") [ECF No. 18] of the United States Magistrate Judge entered herein on September 17, 2026, in this action brought pursuant to 28 U.S.C. § 2241. In the Report, Judge Rath recommended Elvis Che Anye ("Petitioner")'s Petition [ECF No. 1] be dismissed without prejudice because Petitioner's detention while removal proceedings are ongoing is statutorily mandated under 8 U.S.C. § 1225(b) and does not violate the Fifth Amendment's Due Process Clause. Petitioner, proceeding pro se, has timely filed objections to the Report by his deadline of October 1, 2026.

When a party objects to a Report and Recommendation, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Gust, 921 F.2d 620, 623 (5th Cir. 1991)(party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court

will examine the entire record and will make an independent assessment of the law. However, the Court is not required to make new findings of fact in order to conduct a de novo review, Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000), nor is it required to "reiterate the findings and conclusions of the magistrate judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider "[f]rivolous, conclusive or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993).

The Court has reviewed Petitioner's Petition [ECF No. 1], Petitioner's Objection to the Report [ECF No. 20], and the related filings. In his Objection [ECF No. 20], Petitioner presents seven "Specific Objections" before the Court. Each of these issues will be addressed below.

**I. Petitioner's first four objections are overruled.**

Petitioner's first four specific objections recite and re-urge the arguments set forth in his Petition [ECF No. 1]. First, Objection One compels the Court to resolve his as-applied constitutional claim. [ECF No. 20] at 2-3. Second, Objection Two challenges the duration of his detention and requests a constitutional review of its length. [ECF No. 20] at 3. Third, Objection Three contends that his constitutional claims are not

"irrelevant" even though his immigration case is still under administrative review. Id. Lastly, Objection Four states that Petitioner has not been afforded a custody hearing. [ECF No. 20] at 3-4. Such generalized objections are insufficient; they merely repeat those Petitioner asserts in his Petition and do not equate to a substantive objection.

For the reasons stated above, Objection One, Objection Two, Objection Three, and Objection Four are overruled.

**II. Petitioner's fifth objection is overruled.**

Petitioner's Objection Five compels the Court to "evaluate the authority relied upon in the R&R, including the effect of any vacated Fifth Circuit panel opinion" namely, Sosnava v. Rodriquez, 180 F.4th 702, 726 (5th Cir. 2026), reh'g en banc granted, opinion vacated, No. 26-50183, 2026 WL 2014647 (5th Cir. July 10, 2026). [ECF No. 20] at 4. The Court finds this is a generalized objection that is not sufficient to constitute a substantive objection. But to the extent Objection Five is liberally construed to serve as a sufficient contest to the Report's brief acknowledgement of Sosnava v. Rodriguez, the Court finds the objection overruled. Although the Report references Sosnava, it does so in a clarifying manner. That is, the Report clarifies that the "unsettled question" to be decided under Sosnava is not raised under the facts in the present case. [ECF No. 18] at 4-5. The Court agrees. Therefore, the Court finds that the Magistrate did not err in referencing

Sosnava, vacated or not, since the need for its application is not wielded under the facts currently before the Court.

For the reasons stated above, Objection Five is overruled.

**III. Petitioner's sixth objection is overruled.**

Petitioner's Objection Six compels the court to "independently review the record" because Respondents falsely asserted in their opposition that Petitioner had been admitted to the United States on December 20, 2018, as a nonimmigrant visitor for pleasure. [ECF No. 20] at 4; see also [ECF No. 15] at 10. The Court does not disagree that this assertion was made in Respondents' Reply; however, the Court observes that Judge Rath's Report does not rely on this fact. Instead, the Report relies on the December 24, 2024, entry history that Petitioner has stipulated is "correct." See [ECF No. 18]; see also [ECF No. 20] at 4. As such, the Court finds that Petitioner's sixth objection is more readily postured to serve as a contestation of Respondents' Reply rather than an objection to the Report.

For the reasons stated above, Objection Six is overruled.

**IV. Petitioner's seventh objection is overruled.**

Petitioner's Objection Seven "renews" his request for a "prompt individualized bond or custody hearing before neutral adjudicator." [ECF No. 20] at 4. Such an objection merely re-urges the initial argument set forth in Petitioner's Petition. [ECF No. 1] at 3. No factual objection is raised when a petitioner merely

re-urges arguments contained in the original petition. Edmond, 8 F.3d at 293. As such, Objection Seven is overruled.

After engaging in a de novo review of the record and an independent assessment of the law, the Court finds that the Magistrate Judge did not err.

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation [ECF No. 18] be, and the same hereby is, adopted as the finding of this Court. Consequently, Petitioner's Petition [ECF No. 1] is hereby denied and dismissed without prejudice. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 8 day of October, 2026.

/s/ David C. Bramlette
David C. Bramlette III
UNITED STATES DISTRICT JUDGE